Mr. Ralph C. Dell, General Counsel Hillsborough County Hospital Authority Post Office Box 2111 Tampa, Florida 33601
Dear Mr. Dell:
As counsel for the Hillsborough County Hospital Authority, you have asked for my opinion on the following question:
Is the Hillsborough County Hospital Authority subject to s.286.012, F.S.?
In sum:
The Hillsborough County Hospital Authority is a county agency subject to the voting requirements set forth in s. 286.012, F.S.
Section 286.012, F.S., provides that:
No member of any state, county, or municipal governmental board, commission, or agency who is present at any meeting of any such body at which an official decision, ruling, or other official act is to be taken or adopted may abstain from voting in regard to any such decision, ruling, or act; and a vote shall be recorded or counted for each such member present, except when, with respect to any such member, there is, or appears to be, a possible conflict of interest under the provisions of s. 112.311, s. 112.313, or s.112.3143. In such cases, said member shall comply with the disclosure requirements of s. 112.3143.
Thus, resolution of your question depends on whether the Hillsborough County Hospital Authority is a "state, county, or municipal governmental board, commission, or agency."
The Hillsborough County Hospital Authority was created by special act of the Legislature[1] and possesses all the powers of a body corporate.[2] The members of the authority are appointed by the Hillsborough County Commission in a manner determined by the commission. Any vacancy on the authority is filled by the county commission and any member of the board may be removed by the county commission for misfeasance, malfeasance or willful neglect of duty.[3]
The authority's enabling legislation grants the authority the following powers:
The board of the authority shall be deemed to exercise a public and essential governmental function of both state and county and shall have all power and authority necessary to carry out the purposes of this act, including without limiting the generality of the foregoing, all powers authorized by law to Hospital Facilities, or Hospital Districts, or Hospital Authorities, including those established or created under Chapters 154 and 155, Florida Statutes, as amended, all powers of a body corporate including the power to sue and be sued, but with all sovereign immunity and limitations permitted or granted to a governmental entity by the State Constitution or by statute . . . .[4]
The purpose of the authority "is, shall, and will be in all respects, for the benefit of the people of the state and of Hillsborough County, and the exercise of the powers by the authority to effect such purposes constitute the performance of essential municipal and county purposes."[5]
The special act requires that the board prepare an annual budget "to be submitted to the Board of County Commissioners of Hillsborough County at the same time and in the same manner as other county officers' budgets are submitted, and the County Commissioners shall have the same authority over such budget as budgets of county officers."[6]
Further, assets and properties owned, operated, supervised and controlled by the authority are public property and the authority is not required to pay any taxes or assessments on such property.[7]
The Hillsborough County Hospital Authority appears to closely resemble the Volusia County Health Facilities Authority which was determined to be a county agency by this office in AGO 84-90.
The Volusia County Health Facilities Authority was created and organized pursuant to Part III, Ch. 154, F.S. The governing body of the county appointed the members of the authority and was empowered to remove any member of the authority for cause. Based on the substantial and direct involvement of the county in the authority, this office determined that, for purposes of the dual officeholding prohibition,[8]the authority was an agency of the county and that the members of the authority held county office.
Thus, the Hillsborough County Hospital Authority appears to be a county agency. As a county agency the authority would be subject to the voting requirements set forth in s. 286.012, F.S.
You have directed my attention to AGO 78-11 which addresses the applicability of s. 286.012, F.S., to special taxing districts. In that opinion this office concluded that the Southwestern Palm Beach County Public Hospital Board was the governing body of a special taxing district and therefore, not subject to s. 286.012, F.S.[9]
As is related in AGO 78-11 the Southwestern Palm Beach County Public Hospital Board was created by special act. The governing body of the board was composed of seven members who were appointed by the Governor. Within its area of operation, the board was empowered to levy an ad valorem tax "on all property in said Hospital District."
A special taxing district is a distinct and independent statutory entity created for restricted purposes; it is not a state agency as its prescribed powers are confined to a less than statewide area.[10] Further, special taxing districts cannot be considered to be county or municipal agencies.[11] Thus, special taxing districts are not subject to the voting provisions of s. 286.012, F.S.
Unlike the Southwestern Palm Beach County Public Hospital Board, the Hillsborough County Hospital Authority Board is appointed by the Hillsborough County Commission, according to procedures set by that commission. Further, any member of the board may be removed by the county commission for misfeasance, malfeasance or willful neglect of duty.[12]
Pursuant to the enabling legislation, the powers of the Hillsborough County Hospital Authority Board include those powers set forth in Chs. 154 and 155, F.S. Chapter 154, F.S., makes provision for public health facilities including county public health units and county public health trusts. Chapter 155, F.S., deals with county hospitals.
Based on the above, the Hillsborough County Hospital Authority Board does not appear to be a special taxing district or a special district for purposes of the voting requirements set forth in s.286.012, F.S.
Thus, it is my opinion that the Hillsborough County Hospital Authority is a county agency subject to the voting requirements set forth in s. 286.012, F.S.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] Chapter 80-510, Laws of Florida, as amended by Chs. 82-299, 82-300, 84-439, 84-441, and 84-450, Laws of Florida.
[2] Section 6, Ch. 80-510, Laws of Florida.
[3] Id. s. 2(3).
[4] Id. s. 6.
[5] Id. s. 3.
[6] Id. s. 9.
[7] Id. s. 3.
[8] Section 5(a), Art. II, State Const. 
[9] And see, AGO 85-78 concluding that the Bayshore Fire Protection and Rescue Service District, a special taxing district, is not subject to the provisions of s. 286.012, F.S.
[10] See, AGO 85-78 and cases cited therein.
[11] See, AGO 85-78 and authorities cited therein.